No. 10,467.

CITY OF FORT COLLINS *v.* LEE.

Decided November 6, 1922.

Action by lot owner to readjust paving assessment. Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. MUNICIPAL CORPORATIONS—*Improvement Assessments—Statute Con-strued.* Section 5363, R. S. 1908, providing that the sides of corner lots abutting on a street to be improved shall be regarded as frontage, held as intended to apply only in case of improvement of the street adjoining the side of the lot.

2. JUDGMENTS—*On Pleadings.* A judgment on the pleadings is properly granted where all the essential facts are expressly admitted.

3. MUNICIPAL CORPORATIONS—*Improvement Assessments.* Lot frontage and street intersection distinguished.

*Error to the District Court of Larimer County, Hon. George H. Bradfield, Judge.*

Mr. FRANK J. ANNIS, for plaintiff in error.

Mr. PAUL W. LEE, Pro se.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error obtained a decree requiring the city of Fort Collins to readjust its paving assessment against his lot which fronts 50 feet on College avenue and 190 on Laurel street. The city brings error and moves for a supersedeas. Both sides ask us to decide the case on this motion.

The assessment was made pursuant to subdivision C,

chapter 120 R. S. 1908, and assessed the plaintiff's lot upon a frontage of 50 feet on College avenue and 25 feet on Laurel street besides an assessment upon the full frontage of both streets for paving the street intersection. The defendant in error claims that the assessment of the 25 feet on Laurel for the improvement of College avenue was unlawful, but the city claims the right to make it by virtue of R. S. § 5363, which provides:

* * * "the cost of the improvement * * * shall be assessed upon all the lots * * * abutting on the street improved, in proportion as the frontage of each lot * * * is to the frontage of all the lots * * * so improved, *the sides of corner lots abutting on a street or alley so improved being regarded as frontage;* * * *."

The defendant in error claims that the clause which we have italicized is intended to apply only to the case of the improvement of the street adjoining the side of the lot, in the present case Laurel street. The plaintiff in error claims that it refers to the improvement on the street upon which the front of the lot abuts. The defendant in error is right. We think the only purpose of the clause is to make it clear that the side of a corner lot is to be regarded as frontage upon the street which it adjoins. It doubtless seemed necessary because we usually speak of a lot as fronting on the street adjoining its end. The result of the city's theory would be to tax the side of a corner lot for the improvement of the street upon which the end abuts, and to tax its end for the improvement of the street adjoining its side, which would not be fair and equal, and also makes the law say that frontage on one street shall be regarded as frontage on another, which is not reasonable.

It is suggested that since there was an issue of fact it was improper to grant a motion for judgment on the pleadings. We find no issue of fact. The answer denies the allegations of paragraph VIII of the complaint (it says VII but evidently means VIII) but there is nothing in that paragraph but argument and conclusions of law. There

is also a general denial, but all the essential facts are expressly admitted.

It is also claimed that, since the paving in question covers the space between the curb line of College avenue projected across Laurel street and the front line of the lot in question so projected, it covers a part of Laurel street upon which Lee's side line should properly be regarded as fronting, but we think that space is a part of the street intersection for which the whole frontage, side and end, has been assessed without objection.

Supersedeas denied, and judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.